UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re Lululemon Securities Litigation | ) ) ) ) ) ) ) ) ) ) ) |

Case No. 13-CV-4596 (KBF)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DENNIS J. WILSON'S MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT

WEIL, GOTSHAL & MANGES LLP

767 Fifth Avenue
New York, NY 10153
(212) 310-8000 (Telephone)
(212) 310-8007 (Fax)

*Attorneys for Defendant Dennis J. Wilson*

December 4, 2013

Defendant Dennis J. Wilson respectfully submits this memorandum of law in support of his Motion to Dismiss the Consolidated Class Action Complaint, dated November 1, 2013 (the "CAC" or "Complaint"), and joins and incorporates by reference (i) Defendants lululemon athletica, inc. and Christine M. Day's Motion to Dismiss the Complaint or in the Alternative to Stay the Action, filed December 4, 2013 ("Defendants' Motion"), (ii) their memorandum of law in support thereof, and (iii) the December 4, 2013 Declaration of Joseph S. Allerhand (and the exhibits annexed thereto) in support thereof.

## ARGUMENT

Mr. Wilson has served as chairman of the board of lululemon[1] since 1998.  CAC ¶ 14. But, as the CAC concedes, Mr. Wilson was not an executive officer at any point during the alleged class period between September 7, 2012 and June 11, 2013.  *Id.*  Indeed, Mr. Wilson has not held an officer position at the Company since January 2012.  *Id.*

Under the Supreme Court's decision in *Janus Capital Group, Inc. v. First Derivative Traders*, 131 S. Ct. 2296 (2011), Mr. Wilson can only be liable under Section 10(b) if he "made" a "material misstatement[]."  *Id.* at 2301 (citing 17 C.F.R. § 240.10b–5(b)).  Thus, in order to state a Section 10(b) claim against him, Plaintiff must plead that Mr. Wilson is "the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it."  *Id.* at 2302.  Plaintiff does not do so.

*First*, Mr. Wilson did not even attend—much less make any of the alleged misstatements during—the investor calls addressed in the CAC.  *See* CAC ¶¶ 82, 87, 97 (identifying no

---

[1] Terms defined in Defendants' Motion have the same meaning herein.

statements by Mr. Wilson); Ex. 8 at 1; Ex. 11 at 1; Ex. 27 at 1 (none listing Mr. Wilson as a participant).[2]

*Second*, Mr. Wilson's status as a director and a substantial shareholder does not render him the "maker" of any of the alleged misstatements in lululemon's quarterly reports (CAC ¶¶ 84, 88; Ex. 1, Entries 3, 7), press releases (CAC ¶¶ 93, 94, 99; Ex. 1, Entries 9, 10, 18, 19), or on the Company's website (CAC ¶¶ 80, 93; Ex. 1, Entries 1, 2, 11). Plaintiff's conclusory assertion that "Wilson as Chairman of the Board at all times had control over the statements on Lululemon's website" (CAC ¶ 80) does not come close to adequately pleading that Mr. Wilson had personal responsibility for or control over the alleged misstatements. *See City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp.*, 875 F. Supp. 2d 359, 374 (S.D.N.Y. 2012) (a "conclusory pleading that each defendant had 'ultimate authority' over the statements is clearly insufficient" to satisfy Rule 9(b)).

*Third*, the only statements directly attributed to Mr. Wilson are generalized statements of belief concerning the quality of lululemon's products and its core values that appear in one annual report filed on Form 10-K dated and signed by Mr. Wilson (along with every other director) solely in his capacity as a director. CAC ¶ 95; Ex. 1, Entries 12-14. As explained in the opening memorandum of law in support of Defendants' Motion, these statements of belief are not actionable for a number of reasons. *See* Defs.' Mem. at 13-14.[3]

*Finally*, Plaintiff's only attempt to ascribe to Mr. Wilson knowledge of any undisclosed information contradicting the challenged statements (including those set forth in the challenged Form 10-K) falls flat. In a single paragraph of the CAC, Plaintiff alleges that Mr. Wilson

---

[2] All exhibit references refer to the exhibits attached to the Declaration of Joseph S. Allerhand filed in support of Defendants' Motion on December 4, 2013.

[3] To the extent the challenged statements in the Form 10-K are deemed to be statements of fact, Plaintiff has failed to plead their falsity or that Mr. Wilson acted with scienter. *See* Defs.' Mem. at 12-14, 20-21.

"'dipped in and out of daily affairs at Lululemon'" and that "'his fingerprints are all over the company's policies,' *including its quality control programs*." CAC ¶ 115 (emphasis added). Plaintiff appears to have lifted phrases from a FORTUNE article (Ex. 32 at 1-2) and then simply added "including its quality control programs." This does not satisfy Rule 8(a), much less Rule 9(b). *See* Defs.' Mem. at 18, 20-21. Further, not one of the confidential witnesses cited in the CAC is alleged to have had any contact whatsoever with Mr. Wilson. Thus, the CAC's CW allegations do not support a claim against him. *See, e.g.*, *Local No. 38 Int'l Bhd. of Elec. Workers Pension Fund v. Am. Express Co.*, 724 F. Supp. 2d 447, 460 (S.D.N.Y. 2010) (discounting allegations from CWs "employed in rank-and-file positions . . . [who] had no contact with the Individual Defendants"), *aff'd*, 430 F. App'x 63 (2d Cir. 2011); *Steinberg v. Ericsson LM Tel. Co.*, 2008 WL 5170640, at *13 (S.D.N.Y. Dec. 10, 2008) (finding no scienter when plaintiffs' confidential sources had "no contacts or communications with Defendants"), *aff'd sub nom. Furher v. Ericsson LM Tel. Co.*, 363 F. App'x 763 (2d Cir. 2009).

    In sum, the claims against Mr. Wilson should be dismissed because (i) the CAC does not identify any actionable misstatements by him (*see Fezzani v. Bear, Stearns & Co.*, 716 F.3d 18, 25 (2d Cir. 2013) (affirming dismissal of securities fraud claim for market manipulation against individual defendant because "only the person who communicates the misrepresentation is liable in private actions under Section 10(b)"); *IBEW Local 90 Pension Fund v. Deutsche Bank AG*, 2013 WL 1223844, at *14 (S.D.N.Y. Mar. 27, 2013) (dismissing defendant whose "name [was] not specifically mentioned in connection with particular misstatements")); and (ii) since none of the alleged misstatements are attributable to Mr. Wilson, Plaintiff cannot raise any inference of scienter (*see Granata v. Berson*, 2011 WL 6034366, at *4 (S.D.N.Y. Dec. 5, 2011) (Forrest, J.)

("[l]acking any statements attributable to [the defendants], Plaintiff cannot allege any facts amounting to scienter," which "is fatal to Plaintiff's claims")).[4]

## CONCLUSION

For these reasons and those set forth in Defendants' Motion, the claims against Mr. Wilson should be dismissed with prejudice.

Dated: December 4, 2013
       New York, New York

                                  Respectfully submitted,

                                  /s/ Joseph S. Allerhand
                                Joseph S. Allerhand
                                Caroline Hickey Zalka
                                Melanie A. Conroy
                                Robert S. Ruff III
                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, NY 10153
                                Telephone: (212) 310-8000
                                Facsimile: (212) 310-8007

                                *Attorneys for Defendant Dennis J. Wilson*

---

[4] Mr. Wilson's stock sales during the alleged Class Period were all executed pursuant to a 10b5-1 trading plan and are addressed in the memorandum of law filed in support of Defendants' Motion at 16-17.